**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4138**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTHONY LEMMONDS,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00182-FL-1)

───────────

Submitted:  August 17, 2022                    Decided:  September 14, 2022

───────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lemmonds pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute and distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; distribution of 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possession with intent to distribute 50 grams or more of a substance containing methamphetamine, in violation of § 841(a)(1), (b)(1)(B). The district court sentenced Lemmonds to 235 months' imprisonment for each conviction, to be served concurrently. On appeal, Lemmonds argues that his sentence is procedurally and substantively unreasonable. For the reasons that follow, we affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In evaluating procedural reasonableness, we must determine "whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2010) (quoting *Gall*, 552 U.S. at 51), *cert. denied*, 141 S. Ct. 687 (2020).

"If [this court] finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up), *cert. denied*, 141 S. Ct. 382 (2020). In doing so, we consider

2

"the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176. We presume that a sentence within or below a defendant's advisory Guidelines range is substantively reasonable. *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1431 (2021). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Lemmonds first challenges the district court's applications of a two-level enhancement for possession of a firearm under United States Sentencing Guidelines Manual § 2D1.1(b)(1) (2021), and a three-level enhancement for being a manager or supervisor of criminal activity involving five or more people under USSG § 3B1.1(b). Rather than evaluating the merits of Lemmonds' challenges to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). In other words, we "may assume that a sentencing error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (citing *Jones v. United States*, 527 U.S. 373, 402 (1999)).

Under this inquiry, "a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned

3

up). The error will be deemed harmless if we are "certain" that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," thus satisfying the first prong of the assumed error harmlessness inquiry. *Gomez-Jimenez*, 750 F.3d at 382. Turning to the second prong, if the district court had sustained Lemmonds' objections to the two enhancements at issue, his Guidelines range would have been 140 to 175 months' imprisonment, rather than 235 to 293 months' imprisonment.

We are satisfied that the 235-month sentence is substantively reasonable even under this assumed Guidelines range. The district court thoroughly explained why it believed a 235-month sentence was necessary under the § 3553(a) factors. In particular, the district court emphasized that Lemmonds continued to deal in controlled substances, despite having served several periods of incarceration for similar conduct. The district court also observed that Lemmonds had an extensive criminal history, demonstrating that Lemmonds did not have any respect for the law. The district court stressed that Lemmonds' offense conduct was serious because methamphetamine is highly addictive and harms entire communities. Relatedly, the district court noted that the sentence needed to sufficiently protect the public from Lemmonds, a career drug offender. In light of the district court's considered explanation, we conclude that Lemmonds' sentence would be substantively reasonable even if one or both of the challenged enhancements were not factored into his Guidelines range.

4

Last, Lemmonds argues that, even apart from the alleged Guidelines errors, his sentence is nonetheless procedurally and substantively unreasonable. Specifically, he asserts that the district court failed to address his nonfrivolous arguments for a lower sentence and failed to discuss how the § 3553(a) factors applied to him.

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). "[A] district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant." *Id*. at 212–13 (cleaned up). Although the district court is not required to "robotically tick through § 3553(a)'s every subsection," it nonetheless "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (internal quotation marks omitted).

Lemmonds fails to make clear precisely which nonfrivolous arguments the district court allegedly failed to address. In any event, we discern no reversible error. Throughout sentencing, the district court adequately discussed Lemmonds' individual circumstances when considering the § 3553(a) factors and responded to his mitigation arguments. In response to Lemmonds' assertion that his substance abuse was the most significant issue and that he required both mental health and substance abuse treatment, the district court recommended that Lemmonds participate in mental health and substance abuse treatment programs while in prison, and also imposed conditions of supervised release requiring that

5

Lemmonds participate in similar programs upon his release. *See Nance*, 957 F.3d at 213 (noting that, when sentence required drug treatment for defendant "who struggle[d] with drug addiction," we can infer district court considered defendant's "relevant personal characteristics under § 3553(a)"). Additionally, after Lemmonds expressed remorse to his community for his offense conduct, the district court expressed that methamphetamine destroys the same communities to which Lemmonds apologized. Finally, the district court explained that the 235-month sentence was appropriate in light of Lemmonds' mitigation arguments and because the Guidelines range was significant.

We are thus satisfied that the district court addressed Lemmonds' sentencing arguments. *See Nance*, 957 F.3d at 213 (noting that, when determining whether a sentence is procedurally reasonable, "we look at the full context, including the give-and-take of a sentencing hearing"). We further conclude that Lemmonds fails to rebut the presumption of substantive reasonableness afforded to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*